**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**


**V.**                                          **Case No.: 22-303 (ABJ)**


**BROADUS DANIELS**

**OPPOSITION TO MOTION TO EXCLUDE DEFENDANT'S**
**EXPERT WITNESSES**

Defendant, by and through undersigned counsel, does hereby

oppose the Motion to Exclude Defendant's Expert Witnesses as filed by the

United States. In support thereof, defendant respectfully sets forth as

follows:

The United States has moved to preclude the defendant from

introducing testimony from his three noted expert witnesses. The noted

experts are Carl Leisinger (firearms/ballistics), Arthur Young (DNA) and

Alfred Demirjian (Instagram). Defendant notes that he will not be calling

firearms/ballistics expert Carl Leisinger at trial. Thus, only Arthur Young

and Alfred Demirjian need to be addressed in this motion.

**Expert testimony in general:**

Federal Rule of Evidence 702 states as follows:

A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to demonstrate a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) The testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

The 2023 Amendment to F.R.E. 702 (1) notes that "Rule 702 requires that the expert's knowledge "help" the trier of fact to understand the evidence or to determine a fact in issue. Unfortunately, some courts have required the expert's testimony to "appreciably help" the trier of fact. Applying a higher standard than helpfulness to otherwise reliable expert testimony is unnecessarily strict."

"For expert testimony to be admissible in federal court, it must be

both reliable and relevant." *Daubert v. Merrel Dow Pharmaceuticals, Inc.* 509 U.S. 579, 589 (1993). "Rejection of an expert's testimony is the exception rather than the rule." *Heller v. District of Columbia*, 952 F. Supp. 2d 133, 140 (D.D.C. 2013)

**Arthur Young**

There was a concern raised there may be no direct evidence that even though defendant deposited his DNA in multiple areas of the apartment, the record may not establish that a specific police officer who handled the subject weapon touched an area of the apartment where defendant had previously deposited his DNA.

In this case, the body worn camera clearly depicts a number of police officers going through all parts of the apartment defendant resided in during March 2023. The officers are seen touching furniture, doorknobs, cabinets and all other parts of the living area of the apartment. Ultimately, a weapon containing defendant's DNA is located by a police officer in a secreted area of the unit. While it is not clear that the specific recovering officer(s) may be seen actually touching any of the living areas of the apartment, Defendant submits that in the factual context of this case, with numerous officers making contact with surfaces throughout the apartment, the lack of

evidence that the specific officer(s) who recovered the weapon but were not seen touching other areas of the apartment should not preclude expert testimony on the issue of "Touch DNA".1

*Hasmen v. Islamic Republic of Iran* is instructive. The case involved an action by U.S. Citizens against the Republic of Iran alleging that Iran provided material support to a militant group which was used to engage in acts of violence against American citizen.

Judge Moss, in assessing the need for expert testimony, determined that "Expert testimony, moreover, is not only proper, but often sufficient…and even indispensable…because firsthand evidence of terrorism activities is difficult, if not impossible to obtain." 401 F. Supp.3d 85, 91 (D.D.C. 2019). See also, *United States v. Damrah*, 412 F.3d 618, 625 (6th Cir. 2005).

Defendant appreciates this is not a terrorism case. However, the principle discussed by Judge Moss is applicable to this case. Firsthand evidence from the collecting officers whether they did or did not touch other items in the apartment has not been produced on the record by the United

---

1 Defendant notes there will be factual testimony that numerous other individuals regularly visited the apartment and were not prohibited from touching any of the surfaces in the apartment

States. Thus, while firsthand evidence of an officer touching a surface in the apartment and then touching the machinegun to transfer Defendant's DNA to the gun may not be available, the circumstances of numerous other people going in and out of the apartment is a sound factual foundation for an expert to testify about the concept of Touch DNA.

The United States concedes that "If DANIELS wishes to address the defense of DNA transfer, he can find a qualified expert or cross-examine the United States." Government opposition, PACER 210, page 12. Thus, the government is not challenging defendant's expert theory regarding DNA rather. Rather, it is making a specific challenge to Arthur Young's credentials and credibility as an expert. Mr. Young can be cross-examined all day long as to credibility if the government believes it to be a legitimate issue. However, as conceded by the United States, the scientific theory of Touch DNA is not hypothetical or speculative.

## Specific concerns raised by the United States concerning Arthur Young

a. The United States argues, "Mr. Young admitted that as of March 2013 (sic), he had never testified in court with respect to a DNA analysis that he himself performed…." Id. 9.

Attached to this pleading, and has been provided to the United States

since the filing of the Motion to Strike, is a three-page record listing 51

cases in which Mr. Young either consulted in or testified in as an expert

witness. In 29 of the cases, Mr. Young was accepted as an expert in

forensic biology, forensic DNA analysis or forensic serology. The time

frame of the three-page record is December 15, 2018 through July 16,

2024.

b. Two prior exclusions as an DNA expert:

This issue goes to the weight the jury will give to the testimony of Mr.

Young. He is more than prepared to address the two exclusions. To

counter the exclusions, he will address the numerous cases in which his

expertise as a forensic DNA biologist has been accepted.

**c.** Authorship of peer reviewed scientific papers.

There is absolutely no authority that requires a scientific expert to

have authored a peer reviewed article in order to qualify as an expert

witness in a particular field. *See Federal Rule of Evidence 702*. Further, as

evidenced by his Curriculum Vitae, Arthur Young has had two publications

accepted by the Pennsylvania Bar Institute, "Cracking the Code:

Understanding DNA Evidence, Publication #4414 (2006); "Crime Scene

Processing and Forensic DNA, Publication # 2011-6590, 2011.

d.  The United States argues, "This Court need not waste time and resources by allowing a redundant witness, who has not reviewed any pertinent evidence to the case, to teach about Touch DNA. Since the defense has other means of eliciting testimony on Touch DNA, the United States respectfully request this Court exclude Mr. Young's testimony as it is not relevant and will confuse the jury." Id. 13.

*If* government DNA analyst Jessica Van-Dyke agrees with the notions of Touch Dan as are expected to be discussed by Arthur Young, it may not be necessary to call Arthur Young as an expert witness. However, she is a government witness and defendant has no assurances she will agree with the general concepts of Touch DNA to be addressed by Mr. Young. If after cross-examination defendant is satisfied that Ms. Van-Dyke's testimony is adequate to complete his record regarding Touch DNA, he will not need to call Mr. Young.

Defendant has attached to this pleading and provided to the United States an affidavit from Arthur Young detailing his knowledge of Touch DNA and how Touch DNA could have occurred in this case even in the absence of direct evidence that a seizing officer came into direct physical contact with other parts of the apartment. Simply put, the weapons are

depicted on the floor of the apartment and they could have picked up defendant's DNA from the floor. This is what is known as Secondary DNA Contamination which is indistinguishable from Touch DNA.

**Attachments:**

Defendant has attached to this pleading the following documents from Arthur Young:

1. Curriculum Vitae;

2. Listing of cases Arthur Young has been retained in as an expert since 2018;

3. Affidavit endorsed by Arthur Young.

**Alfred Demirjian**

The United States correctly argues that "Rule 602 of the Federal Rules of Evidence, as a general matter, invites anyone to testify about anything they have personal knowledge about." Id. 14. The United States adds, "Mr. Demirjian offers nothing more than a common-sense lesson about how Instagram operates along with the possibility that some people create fake accounts." Id. 15.

Relying upon the government's arguments that the creation of a fake Instagram account can be established either through a lay person who has

personal knowledge about Instagram, or through cross-examination of a

government Instagram expert, defendant does not have a need to call Mr.

Demirjian and will withdraw him as an expert. The withdrawal of Mr.

Demirjian is consistent with the government's argument that "defense need

not call an expert to establish their theory. Indeed, DANIELS can cross-

examine any of the United States witnesses' about this theory of the

defense." Id,. 15-16.

       Rather than call an expert to address the issue of creation of fake

Instaghram accounts, defendant will introduce a lay witness who has

personal knowledge about how Instagram accounts can be created and will

cross-examine government factual and expert witnesses about how

Instagram accounts can be created.


                                        _____/s/_____
                                        Steven R. Kiersh#323329
                                        5335 Wisconsin Avenue, N.W.
                                        Suite 440
                                        Washington, D.C. 20015
                                        (202) 347-0200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served upon all counsel of record via the Court's electronic filing system on this the 5th day of August, 2024.

_____/s/_____
Steven R. Kiersh