UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.                                       Case No.: 22-303(ABJ)

BROADUS DANIELS

**MEMORANDUM IN AID OF MOTION FOR MISTRIAL**

Defendant, by and through undersigned counsel, does hereby submit this Memorandum in Support of Motion of Mistrial:

The following questions and answers occurred during the direct examination of government cooperator Emmanuel Reid.

Q. Now, I want to go back. You said you were arrested February 13th of this year, is that right?

A. Yeah.

Q. Have you been in custody the whole time?

A. Yes.

Q. Have you ever been housed on the same unit as Dante Wiley?

A. No.

Q. Have you ever been housed on the same unit as either of the defendants?

A. No.

1

Q. At anytime since you've been locked up, were you in the cellblock of this building with both Diante Wiley and the two defendants in this case?

A. Yes.

Q. On that occasion, did the four of you discuss that Wiley, or Taybino might be cooperating?

A. Yes.

Q. Do you remember what was said?

Objection

Defendant submits that revealing he is in custody during trial violates his right to the presumption of innocence and to protections afforded to him by the Due Process Clause of the Fifth Amendment to the United States Constitution.

In support of his argument defendant cites *Estelle v. Williams*. Therein, the defendant, without objection, was required to appear at his jury trial wearing jail attire. The *Estelle* Court made a number of findings directly applicable to this case where the jury was informed that defendant was in custody pending trial.

"The right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment. The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice." 425 U.S. 501, 503(1976). "The potential effects

2

of presenting an accused before the jury in prison attire need not, however, be measured in the abstract. Courts have, with few exceptions, determined that an accused should not be compelled to go to trial in prison or jail clothing because of the impairment of the presumption so basic to the adversary system." Id., citations omitted.

It is further noted that the *Estelle* Court specifically determined as follows:

> Jurors may speculate that the accused's pretrial incarceration…is explained by the fact he poses a danger to the community or has a prior criminal record; a significant danger is thus created of corruption of the factfinding process through mere suspicion. The prejudice may only be subtle and jurors may not even be conscious of its deadly impact, but in a system in which every person is presumed innocent until proven guilty beyond a reasonable doubt, the Due Process Clause forbids violation of the risk

Id. 518..

In *Brooks v. State of Texas*, the Fifth Circuit ruled that "No insinuations, indications or implications suggesting guilt should be displayed before the jury, other than admissible evidence and permissible argument." 381 F.2d 619, 624 (5th Cir. 1967).

Whether it is revealing to the jury that defendant is incarcerated during trial either through the wearing of prison attire or through the testimony of a prosecution witness that a defendant is in custody, the prejudice is the same and violation of rights guaranteed to the defendant are implicated.

WHEREFORE for the reasons stated herein, defendant prays this Honorable Court grant his Motion for Mistrial.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh #323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 997-1125

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served on all counsel of record, via the Court's electronic filing system, on this the 4th day of September, 2024.

_____/s/_____
Steven R. Kiersh